```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

GE BUILDTECH d/b/a
G&E BUILD TECH CORP.,
    Plaintiff,

  v.                                          CIVIL ACTION NO.
                                              13-10761-IT
KGCI, INC. and
MERCHANTS BONDING CO.,
    Defendant,
    Third-Party Plaintiff,

  v.

ALEXANDRA SERRANO,
    Third-Party Defendant,
    Fourth-Party Plaintiff,

  v.

GAUTAM CHITNIS,
    Fourth-Party Defendant.

**REPORT AND RECOMMENDATION RE:
MOTION OF GAUTAM CHITNIS TO DISMISS
FOURTH PARTY COMPLAINT (DOCKET ENTRY # 36)**

**January 26, 2015**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss filed by fourth party defendant Gautam Chitnis ("Chitnis"), a Massachusetts resident. (Docket Entry # 36). Fourth party plaintiff Alexandra Serrano ("Serrano"), also a Massachusetts resident, opposes the motion. (Docket Entry # 37). Chitnis argues that this court lacks subject matter jurisdiction over the fourth party complaint and, even if jurisdiction exists,

abstention is appropriate.  Serrano submits that this court has supplemental jurisdiction over the one count fourth party complaint.

## STANDARD OF REVIEW

Where, as here, a district court considers a Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)") motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.  Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)); Sanchez ex rel. D.R.S. v. U.S., 671 F.3d 86, 92 (1st Cir. 2012) ("credit[ing] the plaintiff's well-pled factual allegations and draw[ing] all reasonable inferences in the plaintiff's favor" under Rule 12(b)(1)).  "The district court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'"  Merlonghi v. U.S., 620 F.3d at 54 (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)).

Moreover, "'Federal courts are courts of limited jurisdiction'" and "[t]he existence of subject-matter jurisdiction is therefore 'never presumed.'"  Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994), and Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).  When a defendant (Chitnis) challenges subject matter jurisdiction, the

2

plaintiff (Serrano) bears the burden of proving jurisdiction. Johansen v. U.S., 506 F.3d 65, 68 (1st Cir. 2007).

BACKGROUND

In April 2013, plaintiff GE Buildtech Corp. ("GE"), doing business as G&E Build Tech Corp., filed a complaint against defendants KGCI, Inc. ("KGCI") and Merchants Bonding Company to collect a $56,000 balance under a construction contract for work at the Charlestown Navy Yard. (Docket Entry # 1). The complaint sets out claims for breach of contract, quantum meruit, violation of Massachusetts General Laws chapter 93A ("chapter 93A") and violation of the Miller Act, 40 U.S.C. §§ 3131-3134. (Docket Entry # 1). Notably, it asserted federal question jurisdiction based on the Miller Act claim. (Docket Entry # 1).

The complaint alleged that KGCI, the general contractor, entered into a contract with the United States of America, through the National Park Service, to perform renovations and construction work at the Charlestown Navy Yard ("the project"). In January 2011, KGCI hired Serrano as a project manager and agreed to pay her $2,097 per week.[1] Serrano purportedly managed the project for KGCI and recommended that KGCI enter into a subcontract with GE. In recommending GE, Serrano allegedly did not comply with a number of KGCI policies. In November 2011,

---

[1] Serrano and KGCI disagree about whether Serrano was a KGCI employee or an independent contractor.

KGCI entered into the subcontract with GE.[2] Under the subcontract, GE furnished labor and materials for drywall and carpentry services on the project. (Docket Entry # 1, ¶ 6, p. 2) (Docket Entry # 10, ¶ 6, p. 1).

In May 2013, KGCI filed an amended answer and asserted a counterclaim against GE for breach of contract. (Docket Entry # 10). KGCI, a Massachusetts corporation, also filed a third party complaint against Serrano alleging fraud because Serrano induced KGCI to subcontract with GE without obtaining insurance documents. The third party complaint additionally included a claim that Serrano converted KGCI's property, namely, a laptop, iPhone and iPad. (Docket Entry # 10). In July 2013, Serrano answered the third party complaint and asserted counterclaims against KGCI including violations of section 148 of Massachusetts General Laws chapter 149 ("the Wage Act") for inter alia not paying Serrano for her last two weeks of work at KGCI from August 1 to 15, 2012.[3] Serrano also brought additional state law claims

---

[2] KGCI denies the formation of a contract and maintains that any such contract is void because of GE's fraudulent misrepresentation that it had insurance coverage for the job.

[3] Under section 150 of the Wage Act, "'An employee claiming to be aggrieved by a violation of' G.L. c. 149, § 148, may institute a private action for injunctive relief and damages, including treble damages." Cook v. Patient Edu, LLC, 989 N.E.2d 847, 849 (Mass. 2013).

4

for breach of contract, quantum meruit and violation of chapter 93A against KGCI.

In addition to the foregoing counterclaims, Serrano filed the fourth party complaint against Chitnis for violating the Wage Act. (Docket Entry # 14-2). As set out in the fourth party complaint, Chitnis controlled and directed the work of Serrano, the project manager at KGCI. Chitnis was also the president and treasurer of KGCI.[4] On August 15, 2012, "KGCI and Serrano mutually agreed to end Serrano's employment." (Docket Entry # 14-2, ¶ 19). KGCI, however, never compensated Serrano for the work she performed from August 1 to 15, 2012. KGCI also failed to compensate Serrano for three weeks paid vacation and for work performed in excess of 40 hours per week.

In August 2013, Chitnis filed an answer denying that KGCI hired Serrano "in her individual capacity" or that KGCI employed Serrano. (Docket Entry # 17). Chitnis also denied that KGCI failed to compensate Serrano for the two weeks of work in August 2012. (Docket Entry # 17). Chitnis seeks costs and attorneys' fees from Serrano for filing a frivolous fourth party complaint in bad faith. Serrano denies such liability. (Docket Entry #

---

[4] Under the Wage Act, "The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." Mass.Gen.L. ch. 149, § 148.

18).  In February 2014, KGCI filed for chapter 11 bankruptcy protection.  (Docket Entry # 27).

DISCUSSION

Chitnis moves to dismiss the fourth party complaint due to lack of subject matter jurisdiction.  He points out, correctly, that no party challenged the jurisdiction over the third party complaint by KGCI, a Massachusetts corporation, against Serrano, a Massachusetts resident, based on violations of state common law.  Serrano then filed the fourth party complaint against Chitnis, also a Massachusetts resident, setting out only a state law claim.  In light of the absence of diversity or federal question jurisdiction over the fourth party complaint, Chitnis contends it is subject to dismissal.

Serrano relies on federal question jurisdiction, 28 U.S.C. § 1331, based on the cause of action under the Miller Act, 40 U.S.C. § 3133(b), to establish jurisdiction over the original complaint.  According to Serrano, such jurisdiction provides the basis to assert supplemental jurisdiction, 28 U.S.C. § 1367 ("section 1367"), over the state law claim in the fourth party complaint.

Turning to the existence of federal question jurisdiction under the Miller Act, the statute creates a civil cause of "action by those who have furnished labor or materials for work covered in a contract in which a payment bond was furnished under

the Act." U.S. v. JMG Excavating & Construction Co., Inc., 223 F.R.D. 17, 18 (D.Me. 2004) (citing 40 U.S.C. § 3133(b)); Arena v. Graybar Electric Co., Inc., 669 F.3d 214, 220 (5th Cir. 2012) (Miller Act "gives suppliers and subcontractors the right to sue a prime contractor in U.S. district court for the amount owed to them") (citing 40 U.S.C. § 3133(b)(1)). The complaint sets out a cause of action brought by a first tier subcontractor, GE, against the prime contractor, KGCI, for work on a federal project. KGCI's payment bond secured payment of labor and materials furnished on the project. (Docket Entry # 1, ¶ 5); see Arena v. Graybar Electric Co., Inc., 669 F.3d at 220 (bond is necessary to maintain a Miller Act claim); Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 557 (D.P.R. 2003) ("Miller Act gives federal courts jurisdiction over cases involving government contracts, only if bonds have been given"). The complaint further states that 90 days have elapsed since the sums became due and that GE filed suit within one year of furnishing the labor and materials for the project. (Docket Entry # 1, §§ 29-30). The well plead, colorable Miller Act claim against KGCI therefore provides an adequate foundation for federal question jurisdiction under 28 U.S.C. § 1331 for the claims in the original complaint. See Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 56 (1st Cir. 2005), rev'd on other grounds, 449 F.3d 16 (1st Cir. 2006); Maldonado-Torres v. F.D.I.C. ex rel.

7

R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012) ("claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint").

Section 1367(a) provides that, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Section 1367(a) applies to federal question cases such as this one and operates to confer "'supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts.'"  Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 35 (1st Cir. 2013) (quoting BIW Deceived v. Local S6, Industries Union of Marine & Shipbuilding Workers of America, 132 F.3d 824, 833 (1st Cir. 1997)).

At the outset, this court has supplemental jurisdiction over the fraud claim in the third party complaint by KGCI against Serrano.  The claim involves Serrano's misrepresentations and material omissions to KGCI regarding GE in contravention of KGCI's subcontractor policies.  In particular, the fraud claim arises out of Serrano's failure to obtain competitive bids before recommending GE to KGCI in violation of KGCI's policies and her failure to obtain insurance documents from GE.  In addition, a close relative of Serrano allegedly owned the company in

8

violation of another KGCI policy.  Serrano recommended GE as a subcontractor on the federal project notwithstanding these material omissions or misrepresentations regarding compliance with KGCI's subcontractor policies and purportedly grossly overpaid for GE's labor.  The Miller Act claim, in turn, involves KGCI's failure to pay GE for work performed under the subcontract.

Likewise, this court has supplemental jurisdiction under section 1337(a) over the Wage Act claim in the fourth party complaint.  The facts in the fourth party complaint state that Chitnis, Serrano's employer,[5] failed to pay Serrano for two weeks of work in August 2012, benefits and overtime.  Liberally construing the facts in the fourth party complaint, Serrano's unpaid work as project manager was for her project management work on the project.  Such facts arise out of the same nucleus of operative facts that give rise to the Miller Act claim. Succinctly stated, GE entered into the subcontract with KGCI which is the gravamen of the Miller Act claim.  Chitnis was the president of KGCI, the prime contractor on the project that purportedly did not pay GE in violation of the Miller Act.  The Wage Act claim against Chitnis therefore derives from a common nucleus of operative facts.  See Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d 1, 9 (1st Cir. 2012); Puerto Rico Telephone Co., Inc. v. SprintCom, Inc., 662 F.3d 74, 88 (1st Cir.

---

[5] See footnote four and related text.

2011). Under the mandatory language of section 1367(a), this court has supplemental jurisdiction over the Wage Act claim. Indeed, examining a similar fact pattern, the First Circuit in <u>Allstate Interiors</u> involving a subcontractor's suit against a general contractor, albeit not under the Miller Act, found it was "plain" that the district court had supplemental jurisdiction under section 1337(a) over the state law breach of contract claims between the defendant general contractor and the hotel, which had a construction contract with the general contractor. <u>Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC</u>, 730 F.3d 67, 72 (1st Cir. 2013).

Although supplemental jurisdiction exists under section 1337(a), section 1337(c) lists a number of circumstances in which the district court may decline supplemental jurisdiction over the state law claims. 28 U.S.C. § 1337(c). Circumstances that warrant a refusal to exercise supplemental jurisdiction under section 1337(c) are as follows:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1337(c). The decision of whether to exercise supplemental jurisdiction under section 1337(c) "is left to the broad discretion of the district court." <u>Vera-Lozano v. International Broadcasting</u>, 50 F.3d 67, 70 (1st Cir. 1995)

(finding no abuse of discretion in court's refusal to dismiss state law claims under section 1367(c)(1)).

Applying these circumstances to the case at bar, the Wage Act claim is neither novel nor complex. Although whether Serrano is an independent contractor or employee is fact dependent, the issue is not complex and guideposts exist that frame the inquiry. See Somers v. Converged Access, Inc., 911 N.E.2d 739, 747-748 (Mass. 2009). The parties have litigated this dispute for more than a year. Discovery is now closed. See generally Redondo Construction Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011) ("[i]nterests in judicial economy, convenience, and fairness weighed overwhelmingly in favor of the court's exercising its jurisdiction" partly because of "advanced stage of the litigation" and "expense Redondo would incur in redoing the discovery"); Roche v. John Hancock Mutual Life Insurance Co., 81 F.3d 249, 257 (1st Cir. 1996). Although KGCI's chapter 11 bankruptcy stays GE's action against KGCI, it does not constitute an outright dismissal of the Miller Act claim. Furthermore, judicial economy, convenience and fairness weigh in favor of not refusing supplemental jurisdiction over the Wage Act claim against Chitnis. Exercising this court's discretion and considering all of the aforementioned circumstances, this court will not decline supplemental jurisdiction over the Wage Act claim.

Chitnis next argues that this court should abstain from adjudicating the Wage Act claim under Burford v. Sun Oil Company,

11

319 U.S. 315 (1943).[6]  Abstention, in its various forms, typically applies "only in extraordinary circumstances." Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 726 (1996); see Chico Service Station, Inc. v. Sol Puerto Rico Ltd., 633 F.3d 20, 29 (1st Cir. 2011) (abstention is "'the exception, not the rule'") (quoting Fragoso v. Lopez, 991 F.2d 878, 882 (1st Cir. 1993)).  This case is no exception.

The concern of abstention under Burford is "'to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution.'"  Chico Service Station, Inc. v. Sol Puerto Rico Ltd., 633 F.3d at 29 (quoting Public Service Co. of N.H. v. Patch, 167 F.3d 15, 24 (1st Cir. 1998)).  The doctrine serves to avoid "'turning the federal court into a forum that will effectively decide a host of detailed state regulatory matters, to the point where the presence of the federal court, as a regulatory decision-making center, makes it significantly more difficult for a state to operate its regulatory system.'"  Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 524 (1st Cir. 2009).

It applies:  "'(1) when there are "difficult questions of state law bearing on policy problems of substantial public import"; or (2) where the "exercise of federal review would be

---

[6] Chitnis relies exclusively on Burford abstention as opposed to any other abstention doctrine.

12

disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."'" Id. at 523-524 (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989)) (internal ellipses omitted). In short, Burford counsels abstention when "a federal suit will interfere with a state administrative agency's resolution of difficult and consequential questions of state law or policy." Chico Service Station, Inc. v. Sol Puerto Rico Ltd., 633 F.3d at 26 n.9.

The Wage Act claim presents a straight forward application of the law to an alleged failure to pay Serrano's wages for a two week time period and compensate her for three weeks of paid vacation and overtime. The suit does not require adjudicating a host of regulatory matters to the point of making it "'significantly more difficult'" for the Commonwealth "'to operate its regulatory system,'" Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d at 524, under the Wage Act. As previously indicated, there are no difficult or complex state law issues let alone issues that bear on policy problems of substantial public import. Abstention under Burford does not apply.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[7] that the motion to dismiss the fourth party complaint (Docket Entry # 36) be **DENIED**.  This court will conduct a hearing on Serrano's motion to compel (Docket Entry # 38) on February 2, 2015, at 2:45 p.m.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.